J-S01010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIJIFA AYESHA ANDERSON | : | |
| | : | |
| Appellant | : | No. 1084 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000193-2015,
CP-41-CR-0000401-2014, CP-41-CR-0001253-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIJIFA AYESHA ANDERSON | : | |
| | : | |
| Appellant | : | No. 1085 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000193-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIJIFA AYESHA ANDERSON | : | |
| | : | |
| Appellant | : | No. 1086 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001253-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 12, 2019**

Kijifa Ayesha Anderson appeals from the judgment of sentence imposed after the court revoked her probation as well as a guilty plea to retail theft. Additionally, William J. Miele, Esquire ("Attorney Miele"), has filed a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel's petition to withdraw.

In September 2014, Anderson pled guilty at CP-41-CR-0000401-2014 ("No. 401-2014"), to retail theft. The trial court sentenced her to two years' probation. Shortly thereafter, in February 2015, Anderson pled guilty at CP-41-CR-0000193-2015 ("No. 193-2015") to another count of retail theft. The trial court imposed a sentence of three years' probation.

On May 23, 2018, Anderson pled guilty at CP-41-CR-0001253-2017 ("No. 1253-2017") to retail theft and criminal attempt to commit the crime of receiving stolen property. This guilty plea triggered a probation violation hearing on June 11, 2018. At the hearing, the court revoked her probation on her conviction for retail theft at No. 401-2014, and imposed a sentence of 1 to 2 years' imprisonment. On her conviction for retail theft at No. 193-2015, the court revoked her probation and sentenced her to a term of imprisonment of 2 ½ to 5 years. Additionally, for her conviction at No. 1253-2017, the court

_____

* Retired Senior Judge assigned to the Superior Court.

sentenced Anderson to 4 to 30 months' imprisonment. All three sentences were set to run concurrently. Thus, the aggregate sentence imposed was 2 ½ to 5 years' imprisonment.

Anderson filed a post-sentence motion, seeking reconsideration of the sentence. The court denied reconsideration, and Anderson filed this timely appeal.[1]

As a threshold matter, we must examine Attorney Miele's request to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of **Anders**, that counsel inform the appellant of her or her rights in light of counsel's

---

[1] On July 2, Anderson filed a notice of appeal at each docket bearing all three trial court docket numbers. On July 30, 2018, this Court issued a rule directing Anderson to show cause why her appeal should not be quashed in light of our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding Pa.R.A.P 341's *Note* requires the filing of separate notice of appeal for separate docket numbers; the failure to file separate notices requires quashal of the appeal). Appellant filed a response indicating that her case was distinguishable from **Walker**. We agree. While the inclusion of the three docket numbers on each notice of appeal confuses the issue, Anderson technically complied with the dictates of Pa.R.A.P. 341's *Note* by filing a notice of appeal at each docket court number. Accordingly, we conclude that **Walker** is inapplicable here.

- 3 -

withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

Additionally, an ***Anders*** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusions that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "If counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Instantly, Attorney Miele filed a petition to withdraw, certifying he has reviewed the case and determined that Anderson's appeal is frivolous. Counsel attached to his petition a copy of his letter to Anderson, advising that she may retain new counsel, raise additional issues *pro se*, or discontinue her appeal. Attorney Miele also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Anderson, and counsel's assessment of why those issues are meritless, with citations to relevant legal authority.

- 4 -

Counsel has thus complied with the requirements of **_Anders_**. Anderson has not filed a response. We may now proceed to review the issues outlined in the **_Anders_** brief.

Counsel has identified a single issue Anderson believes entitles her to relief. Anderson asserts the court abused its discretion in imposing sentence. She concedes this argument raises a challenge to the discretionary aspects of her sentence. **_See_** Anders' Brief, at 10. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **_Commonwealth v. McAfee_**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." **_Id_**. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **_Id_**. (citation omitted); **_see also_** Pa.R.A.P. 2119(f). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **_Id_**. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **_Commonwealth v. Tirado_**, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted).

In her Rule 2119(f) statement, Anderson contends the court abused its discretion by imposing an unduly harsh and manifestly excessive sentence while failing to consider her individual characteristics, the nature of the offense, and her rehabilitative needs. This raises a substantial question for our review. *See Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (holding a claim that a failure to account for rehabilitative needs resulted in an excessive sentence raises a substantial question).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted). When imposing sentence, a court must consider "the protection of the public, gravity of the offense in relation to impact on victim and community, and rehabilitative needs of defendant." *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006) (citation omitted).

Anderson challenges the sentences imposed following both the revocation of probation and a guilty plea. The imposition of these distinct types of sentences requires different considerations by the trial court. "Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). The court may impose a sentence of total confinement upon revocation if "the defendant has been convicted of another crime[.]" *Id.*, at (c)(1). "The trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (citations omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014) (internal citations and quotation marks omitted; brackets in original).

Here, the court considered all necessary factors, and determined that Anderson's recidivism required a term of imprisonment to protect the public.

There is no abuse of the court's discretion as to the imposition of sentences following revocation of Anderson's probation at No. 401-2014 and No. 193-2014.

Further, we find no abuse of discretion in the trial court's sentence at No. 1253-2017. Anderson does not argue the sentencing court misapplied the guidelines or sentenced her outside the guidelines. In fact, Anderson's sentence was in the mitigated range of the guidelines. **See** Trial Court Opinion, 9/25/18, at 6-7. However, Anderson asserts her sentence was excessive because the sentencing court failed to consider certain mitigating factors such as her individual circumstances, the nature of the offense, and her need for rehabilitation. **See Anders** Brief, at 8.

We note that, "[w]hen, as here, the trial court has the benefit of a pre-sentence report ["PSI"], we presume that the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." **Commonwealth v. Seagraves**, 103 A.3d 839, 842 (Pa. Super. 2014) (citation omitted). Additionally, in its sentencing order, the trial court specifically stated:

> [i]n making these sentences, the [c]ourt has considered the PSI, the long time criminal behavior, the defendant's association with negative and criminal people during her period of supervision, her general lack of obedience with the supervision, the fact that she flunked out of Drug Court, the fact that she performed no community service on Drug Court and committed the new offense at [No.] 1253-2017.

Sentencing Order, 6/11/18, at 2 (unnumbered). It is clear from the record that the sentencing court did not ignore or misapply any of the sentencing guidelines. *See Raven*, 97 A.3d at 1254. As such, we do not find that the trial court abused its discretion in sentencing Anderson.

Anderson's challenges to the discretionary aspects of her sentence are meritless. Our independent review of the record reveals no other, non-frivolous issues that Anderson could raise on appeal. Therefore, we affirm Anderson's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/12/2019